IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JILL L. BORSUK,

                Plaintiff,

v.                                                       OPINION and ORDER

CHUCK TODD, JOE SCARBOROUGH, MIKA                 23-cv-858-jdp
BREZINSKI SCARBOROUGH, and WILLIE GEIST,

                Defendants.

---

      Plaintiff Jill L. Borsuk, without counsel, alleges defendants, MSNBC employees, have wiretapped her cell phone and hacked her computer to steal her words and ideas and use them for their shows, and to harass her because she filed a complaint with the Department of Justice about related conduct. This harassment included insulting and threatening Borsuk on cable news shows. Because Borsuk is proceeding without prepaying the filing fee, I will screen the amended complaint under 28 U.S.C. § 1915(e)(2)(B). I have already dismissed with prejudice two lawsuits in which Borsuk raised similar allegations, determining that they were wholly incredible, frivolous, and insufficient to state a claim. *See Borsuk v. Klain et al.*, 23-cv-799, Dkt. 14; *Borsuk v. Pierce et al.*, 23-cv-794-jdp, Dkt. 20. I will dismiss the present complaint with prejudice for similar reasons.

      Borsuk's allegations are wholly incredible. Borsuk alleges that defendants interrupted her internet searches with pictures of themselves, which itself is highly implausible. Borsuk adds that this conduct ended when she ceased watching MSNBC shows for eight months, which adds to the implausibility of the allegations.

      The amended complaint is deficient for other reasons. Borsuk alleges that "defendants" committed the underlying conduct, but her allegations don't suggest that each defendant

committed every action that she alleges. Borsuk's allegations don't give each defendant fair notice of the claims against him or her. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("A complaint based on a theory of collective responsibility must be dismissed."); *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under [42 U.S.C. § 1983] . . . requires personal involvement in the alleged constitutional deprivation." (alteration adopted)). Also, Borsuk alleges a claim under the Fourth Amendment, but her allegations don't suggest that defendants are governmental actors. *See Borsuk*, 23-cv-799-jdp, Dkt. 14 at 2–4.

The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving her a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But dismissal in this case is appropriate because it's clear that further amendment would be futile. *See Bogie v. Rosenberg*, 705 F.3d 604, 608 (7th Cir. 2013).

ORDER

IT IS ORDERED that:

1. Plaintiff Jill L. Borsuk's amended complaint, Dkt. 8, is DISMISSED with prejudice.
2. The clerk of court is directed to enter judgment and send Borsuk copies of this order and the judgment.

Entered January 16, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge